IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| *In re* SUBPOENA TO ) | |
| Damien Joy ) | |
| ) | Case No: |
| Served in related case: ) | |
| ) | |
| *Lyons, et al. v. SAEILO, Inc. d/b/a Kahr Arms*, ) | ORAL ARGUMENT REQUESTED |
| *N.D. Ala. Case No. 5:21-cv-0043-LCB* ) | |
| ) | |

**EXPEDITED MOTION TO QUASH THE DEPOSITION SUBPOENA
TO NON-PARTY DAMIEN JOY AND/OR ISSUE A PROTECTIVE ORDER**

Defendant Saeilo, Inc. d/b/a Kahr Arms ("Kahr Arms"), by its undersigned counsel, submits this Memorandum of Law in support of its Expedited Motion to Quash the deposition subpoena to non-party Damien Joy pursuant to Federal Rule of Civil Procedure 45 and/or issue a Protective Order pursuant to Federal Rule of Civil Procedure 26(c), and for any other relief this Court deems just and proper. An expedited ruling is needed on this motion by Monday, May 23, 2022 before 10:00 AM, as that is the date and time the deposition, which is the subject of the motion to quash, is set to take place.

**BACKGROUND**

This subpoena is issued by plaintiffs who brought an action in the United States District Court for the Northern District of Alabama under caption *Donald Lyons and Jillian Lyons v. Saeilo, Inc. d/b/a Kahr Arms*, and bearing case number 21-cv-00043-HNJ. (Declaration of Jeffrey Malsch ("Malsch Dec."), Ex. A, Lyons Complaint). Plaintiffs Donald and Jillian Lyons ("Plaintiffs") allege that, on July 2, 2019, Donald Lyons suffered a gunshot wound to his upper right leg when his Kahr Arms CW9 pistol (Serial No. EE4752) discharged upon impact with the floor in the garage of his home. Plaintiffs claim that the pistol contains a "drop-fire defect"

that purportedly caused it to discharge upon impact with the ground. Plaintiffs allege causes of action for strict products liability, negligence, and breach of warranty.

Initially, the subject pistol will not fire when dropped in its "as designed" and unmodified condition. This is undisputed by the experts disclosed in the related case. Plaintiffs' expert in the related case solely opines that if foreign material is jammed into the trigger bar, resulting in the trigger bar being "stuck" in the forward position, only then can the pistol "drop fire," and only from a height at or above 5 feet. There is no evidence in the related case that the pistol dropped at any height greater than 4 feet.

It is also undisputed in the related case that the Kahr CW9 firearm passes all industry standards for abusive handling, including drop testing. In addition, it is undisputed the firearm has passed the more rigorous California and Massachusetts drop testing standards and requirements, and is listed for sale in those firearm restrictive jurisdictions. Thus, unless the pistol is modified or altered into a condition not reasonably anticipated, the Kahr CW9 pistol is safe for its intended use.

Plaintiffs purportedly served non-party Damien Joy ("Joy") with a deposition subpoena to testify in this case. (Malsch Dec., Ex. B, Subpoena). Joy was a plaintiff in a different litigation filed in the Circuit Court of the 15th Judicial Circuit for Palm Beach County, Florida, *captioned Damien Joy v. Saeilo, Inc. d/b/a Kahr Arms, et al.*, bearing case number 50-2019 CA 013062. (Malsch Dec., Ex. C, Joy Complaint). The case brought by Joy was fully resolved by the execution of a settlement agreement on June 24, 2021. The settlement agreement includes a strict confidentiality provision that prohibits Joy from disclosing the terms and amount of the settlement, as well as "(1) the facts surrounding the Incident; (2) the facts, theories, opinions and other items disclosed and learned during any phase of this litigation, including the discovery

phase, by any party, whether designated 'confidential' or not, without the express written consent of Kahr Arms." (Malsch Dec., Ex. D, Settlement Agreement). Kahr Arms does not consent to Joy testifying in the *Lyons* case contrary to this express and material term of the settlement agreement.

## **SUMMARY OF THE ARGUMENT**

Plaintiffs intend to depose Joy about the facts of his case against Kahr Arms and the terms of the settlement in direct violation of the confidentiality provision of the settlement agreement. Pursuant to Florida contract law, the settlement agreement is valid and enforceable. Likewise, the confidentiality provision is material and binding, and a deposition of Joy regarding his litigation against Kahr Arms would constitute a breach of the agreement. As such, Kahr Arms has a personal right and privilege with respect to the testimony sought, and has standing to request that the subpoena be quashed. Accordingly, this Court should quash the subpoena to prevent Joy from being compelled to breach a binding and enforceable contract.

Plaintiffs will argue that they intend to depose Joy to obtain evidence regarding a purported other similar incident. To be discoverable, however, the facts surrounding the incident must be substantially similar to the present case. But the matter involving Joy is not substantially similar, and plaintiffs cannot meet their threshold burden of showing substantial similarity to render Joy's deposition discoverable. The subpoena exceeds the bounds of permissible discovery, is improper, and should be quashed and/or a protective order should be issued.[1]

---

[1] Should the Court decline to quash the subpoena, it should, at minimum, issue a protective order limiting the scope of testimony to only those topics potentially relevant. For example, there is no conceivable basis for questions to Joy regarding the settlement negotiations, the amount of settlement or who paid the settlement. This information is not – and cannot – be probative of any claim or defense in the *Lyons* case.

# ARGUMENT

### I. Legal Standard

Under Federal Rule of Civil Procedure 45(d)(3)(A), a Court must modify or quash a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

Fed. R. Civ. P. 45(d)(3)(A). In addition, "while Rule 45 does not specifically identify irrelevance as a reason to quash a subpoena, it is generally accepted that the scope of discovery allowed under Rule 45 is limited by the relevancy requirement of the federal discovery rules." *Jordan v. Comm'r, Mississippi Dep't of Corr.*, 947 F.3d 1322, 1329 (11th Cir. 2020). "Thus, a subpoena issued under Rule 45 should be quashed to the extent it seeks irrelevant information." *Id*. It is well-established that "the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26." *Barrington v. Mortage IT, Inc.*, 2007 WL 4370647, at *3 (S.D. Fla. Dec. 10, 2007). "A determination of a subpoena's reasonableness requires the court to balance the interests served by complying with the subpoena against the interests served by quashing it." *In re Duque*, 134 B.R. 679, 683 (S.D. Fla. 1991) (holding that it was an error as a matter of law to not consider reasonableness of subpoena).

### II. The subpoena should be quashed pursuant to contract law.

As an initial matter, Florida state law governs the enforceability of a settlement agreement. *See Resnick v. Uccello Immobilien GMBH, Inc.*, 227 F.3d 1347, 1350 (11th Cir. 2000) (applying Florida state law to the construction and enforceability of settlement agreement). Applying Florida

4

law, the settlement agreement between Joy and Kahr Arms is valid and enforceable, and the confidentiality provision is material to the agreement. Pursuant to the agreement, Joy is prohibited from testifying in this case.

"A settlement agreement must generally be interpreted like any other contract. That is, absent any evidence that the parties intended to endow a special meaning in the terms used in the agreement, the unambiguous language is to be given a realistic interpretation based on the plain, everyday meaning conveyed by the words." *Gulliver Schools, Inc. v. Snay*, 137 So.3d 1045, 1047 (2014) (enforcing confidentiality provision of settlement agreement that was breached by party to the agreement and denying his motion to enforce the settlement as a result of said breach). Moreover, confidentiality provisions are not against public policy in Florida, and are regularly enforced. *Id*. (declining to enforce settlement agreement due to breach of the confidentiality provision). Here, the terms of the confidentiality provision to the settlement agreement is clear and unambiguous. According to its plain meaning, Joy is not permitted to divulge information concerning the facts of his case against Kahr Arms or the terms of, and negotiations relative to, the settlement.

Accordingly, the subpoena should be quashed because it would require Joy to breach the terms of the settlement agreement by which he agreed to be bound. As set forth below, the testimony of Joy is not relevant to any claim or defense in the related case, and Plaintiffs should not be permitted to compel the violation of a binding and enforceable contract in contravention of Florida contract law in pursuit of an impermissible fishing expedition.  Bearing the scope of Rule 26 in mind, the countervailing interests of Kahr Arms and Joy in adhering to the terms of the settlement agreement warrant quashing the subpoena.

### III. Plaintiffs cannot show substantial similarity.

An additional reason for quashing subpoena is that the sole basis for this deposition is to purportedly ask questions about another incident involving a Kahr Arms firearm. Plaintiffs counsel in the related case will claim that Joy's testimony is relevant to establish the existence of a defect and/or notice to Kahr Arms of a defect. They are wrong, and they cannot meet their burden of establishing the requisit nexus to extract such testimony. It is well-established that evidence of another incident is only relevant to the extent it is substantially similar to the case at bar. *Ree v. Royal Caribbean Cruises Ltd.*, 315 F.R.D. 682, 686 (S.D. Fla. 2016) ("[b]ecause of the potential prejudicial impact of prior accidents, courts have developed limitations governing their admissibility. First, conditions substantially similar to the occurrence in question must have caused the prior incident . . . Second, the prior accident must not have occurred too remote in time"). The matter involving Joy cannot meet the requirements of substantial similarity to warrant permitting his deposition in this case.

Although the standard for substantial similarity is somewhat relaxed for discovery purposes, Plaintiffs are nonetheless required to show that the claimed prior incident is "similar enough that discovery concerning those incidents is reasonably calculated to lead to uncovering of substantially similar occurrences." *Id*. (internal quotations omitted).

In Joy's case against Kahr Arms, no expert was ever disclosed, and Joy never identified or espoused any theory of defect. Further, Joy told the emergency responders that he reached for the falling pistol and pulled the trigger. The law enforcement personnel confirmed in sworn testimony that Joy told them he had accidentally pulled the trigger. Thus, in Joy's case, there was no theory of defect, and Joy conveyed to emergency responders the discharge was the result of an accidental trigger pull.

In the Lyons' case, their proposed expert believes that Mr. Lyons' CW9 model pistol had a design defect. He opines that the CW9 should have been designed to eliminate the possibility of the slide pulling the trigger bar forward and allowing foreign materials to cause the trigger bar to be stuck in that forward position. (Malsch Dec., Ex. E, Powell dep. tr., pp. 108 (19-22), 292 (3-9)). The Joy case never involved any claimed issue with the trigger bar, damage to the trigger bar or disconnector tab, and/or foreign substances or particles causing the trigger bar to be stuck out of position. Accordingly, it is impossible for the *Lyons* plaintiffs to establish substantial similarity, and Joy's testimony is not discoverable.

**IV.    The discovery sought is not proportional to the needs of the case.**

Pursuant to Federal Rule of Civil Procedure 26(b)(2)(C), the court must limit the extent of discovery "unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." *Schwimmer v. 24 Hour Fitness USA*, Inc., 2015 WL 3529616, at *1 (S.D. Fla. June 2, 2015). In addition, Federal Rule of Civil Procedure 26(b)(1) states, "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering … whether the burden or expense of the proposed discovery outweighs its likely benefit." (emphasis added). The deposition of Joy, who resides in Florida is inconvenient, burdensome and expensive, to both the litigants in the Lyons manner, and to Joy. Thus, the value of his testimony must be considerable to overcome the inconvenience, burden and expense. As set forth above, the claims being made by the Lyons plaintiffs are wholly dissimilar to the claims previously made by Joy. Thus, Joy's deposition should not even be discoverable. But if the Court felt this was a close call, the value of his testimony based on the dissimilar claims does not meet the proportionality test of Rule 26(b)(1), and the subpoena should be quashed for this separate and independent reason.

Pursuant to Rule 26(b)(2)(C), the Court must issue an order limiting the discovery sought if it is not proportionate to the needs of the *Lyons* case. Given the lack of substantial similarity and countervailing interests at stake with respect to the confidentiality provisions in the *Joy* settlement agreement, the subpoena issued for Joy's deposition should be quashed or a protective order entered prohibiting his deposition.[2]

## CONCLUSION

WHEREFORE, Kahr Arms respectfully requests that Plaintiffs' deposition subpoena to Damien Joy be quashed.

## LOCAL RULE 7.1(A)(3) CERTIFICATION

The undersigned counsel hereby certifies that he has conferred with counsel for Plaintiffs and counsel for non-party Damien Joy in a good faith effort to resolve the issues raised in this motion.  Joy is not opposed to issuance of the relief requested by this motion.  Plaintiffs oppose the motion.  The conference took place on May 17 and 18, 2022, via email exchanges.

Dated:  May 19, 2022                    **CARLTON FIELDS, P.A.**

*/s/ M. Derek Harris*
Jeffrey A. Cohen, Esq.
Florida Bar No. 057355
jacohen@carltonfields.com
M. Derek Harris, Esq.
Florida Bar No. 097071
dharris@carltonfields.com
525 Okeechobee Blvd., Suite 1200
West Palm Beach, FL 33401-6350
Tel: (561) 659-7070

---

[2] The subpoena issued to Joy does not provide any limitation to the scope of his testimony. (Malsch Dec., Ex. B, subpoena). Given the confidentiality provision of the settlement agreement, however, there must, at minimum, be some limitation to the scope of the deposition. For example, Plaintiffs should be prohibited from asking any questions of Joy regarding the monetary amount of the settlement, how the settlement was effectuated, and the nature or substance of settlement discussions. This information is not relevant to Plaintiffs' claims and is protected not only by the confidentiality provision of the settlement agreement, but also by FRCP Rule 408. Accordingly, if the Court does not quash or prohibit Joy's deposition in its entirety, it should issue a protective order prohibiting questions on these improper subject areas.

        Christopher Renzulli (*admitted PHV in Lyons*)
        Jeffrey Malsch (*admitted PHV in Lyons*)
        Renzulli Law Firm, LLP
        One North Broadway, Suite 1005
        White Plains, New York 10601
        T:      (914) 285-0700
        E:      crenzulli@renzullilaw.com
                jmalsch@renzullilaw.com

        James W. Porter, II (ASB-3314-t79j)
        R. Warren Kinney (ASB-5682-d57k)
        Porter Porter & Hassinger, P.C.
        880 Montclair Road, Suite 175
        Birmingham, Alabama 35213
        T:      (205) 322-1744
        E:      jwporterii@pphlaw.net
                wkinney@pphlaw.net

        *Attorneys for Saielo, Inc. d/b/a Kahr Arms*

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 19, 2022, a true and correct copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system, and sent via electronic mail to all counsel of record as set forth below.

Shana Nogues
snogues@clarkfountain.com
Attorney for Damien Joy

Todd Wheeles
twheeles@mhhlaw.net
Matthew Garmon
mgarmon@mhhlaw.net
Attorneys for Plaintiffs in related case

                                          */s/ M. Derek Harris*
                                          M. Derek Harris, Esq.
                                          Florida Bar No. 097071
                                          dharris@carltonfields.com